**SO ORDERED.**

**SIGNED this 17 day of September, 2008.**

**J. Rich Leonard**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

**IN RE:**

**HILDA JOYNER,**

**DEBTOR.** **Case No. 08-05647-8-JRL**
**Chapter 13**

---

**ORDER**

This case is before the court on the debtor's motion to impose the automatic stay as to Select Portfolio Servicing, Inc. ("Select Portfolio"). On September 15, 2008, the court conducted a hearing on this matter in Raleigh, North Carolina.

The debtor filed for relief under Chapter 13 of the Bankruptcy Code on August 21, 2008. The debtor had two prior Chapter 13 cases pending during the past year. The first case was filed on January 4, 2007 and dismissed on October 2, 2007, and the second case was filed on November 9, 2007 and dismissed on June 4, 2008. Select Portfolio is the holder of a claim secured by a deed of trust on the debtor's residence. Pursuant to a balloon note, the debtor's loan from Select Portfolio will become due on June 1, 2011.

The Bankruptcy Code provides that an automatic stay goes into effect immediately upon the

filing of a bankruptcy case and prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(6). However, § 362(c)(4)(A) provides an exception where "2 or more single or joint cases of the debtor were pending within the previous year but were dismissed." Where this occurs, the stay does not automatically go into effect upon the filing of the later case. Id. § 362(c)(4)(A). However, a party in interest may request the court to order the stay to take effect in the case after notice and a hearing. Id. § 362(c)(4)(B). In order for the court to impose the stay in such a case, "the party in interest must demonstrate that the filing of the later case is in good faith as to the creditors to be stayed." Id. Where two or more previous cases in which the individual was a debtor were pending within a year of the filing of the later case, the case is presumptively filed in bad faith. Id. § 362(c)(4)(D). This presumption may be rebutted by clear and convincing evidence to the contrary. Id.

Here, the debtor asserts that her current Chapter 13 case is filed in good faith. First, she argues that there has been a substantial change in her financial affairs since the dismissal of her previous bankruptcy cases. Specifically, the debtor no longer must care for her seriously ill mother, who passed away in April 2008. The debtor contends that the disruption associated with caring for her mother was the primary reason she failed to make prior Chapter 13 payments. However, the debtor no longer incurs these expenses.

Second, the debtor argues that she has sufficient equity in her home. The parties stipulate that the amount of Select Portfolio's secured claim is approximately $54,323, while the assessed tax value of the property is $64,816. Based on these stipulations, Select Portfolio's interest is fully secured and protected by an equity cushion in the property.

Next, the debtor asserts that her Chapter 13 plan is feasible. The debtor's proposed plan will

include a $20,000 lump sum payment toward the principal of the claim. The debtor will contribute this amount upon receipt of proceeds from an insurance policy in February 2009. In addition, the debtor will make payments of approximately $802 per month for 57 months. Moreover, the court finds that the debtor's employment as a caseworker with the Pitt County Department of Social Services, where she earns gross monthly income of $3,200, renders her capable of making these payments.

Based on the evidence presented by the debtor, the court finds that the debtor has demonstrated by clear and convincing evidence that the present Chapter 13 bankruptcy case was not filed in bad faith. The debtor's financial situation has changed substantially since her prior filings due to the passing of her mother and the anticipated distribution of $20,000 from her insurance policy. In addition, the debtor has equity in her home and earns income sufficient to support a Chapter 13 repayment plan.

Finally, the court finds that the debtor may make payments on Select Portfolio's secured claim beyond the original due date of the loan. Generally, the Bankruptcy Code prohibits a debtor from modifying the rights of holders of claims secured by a security interest in the debtor's principal residence. 11 U.S.C. § 1322(b)(2). However, an exception to this anti-modification provision allows the debtor to reamortize her entire secured claim where the last payment on the original payment schedule is due before the date on which the final payment under the plan is due. Id. § 1322(c)(2). Here, the debtor's last payment under the balloon note becomes due on June 1, 2011. However, the final payment under the debtor's plan is not due for nearly five years. Thus, the debtor's case presents a rare situation in which the exception under § 1322(c)(2) applies. As a result, the debt can be restructured under § 1322(c)(2) of the Code, and at an interest rate more

favorable to the debtor than the rate on the original note. The payments required to pay the entire reamortized loan should be less than those in the prior plans.

Pursuant to the foregoing, this court ALLOWS the debtor's motion and imposes the stay as to Select Portfolio. The clerk is directed to serve a copy of this order on all other creditors in this case. Unless an objection is filed within fifteen days of the date of this order, the stay will be imposed as to all creditors.

"END OF DOCUMENT"